Claire THERIAULT

v.

**HILLCREST FOODS, INC. and Royal Globe Insurance Company.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1980.

Decided Sept. 10, 1980.

Berman, Berman & Simmons, P. A. by Jack H. Simmons (orally), John E. Sedgewick, Lewiston, for plaintiff.

Norman & Hanson by Theodore H. Kirchner (orally), John M. Wallach, Portland, for defendants.

Before McKUSICK, C. J., and WER-
NICK, GODFREY, NICHOLS, GLASS-
MAN and ROBERTS, JJ.

### MEMORANDUM OF DECISION.

Employer Hillcrest Foods, Inc. appeals
from a Workers' Compensation Commission
decree awarding employee Claire Theriault
further compensation for total incapacity.
We find no error in that decree on this
record.

The employer did not dispute that Mrs.
Theriault had suffered a work–related inju-
ry but denied that she was entitled to fur-
ther compensation for total incapacity.
Based on the testimony of a treating physi-
cian, an examining physician, and the em-
ployee herself, the Commissioner found that
Mrs. Theriault was "without any work ca-
pacity"–totally incapacitated because of
physical inability to work.

The Commissioner's findings of fact as to
incapacity for work are final if supported
by competent evidence and the reasonable
inferences to be drawn therefrom. *Page v.
General Elec. Co.*, Me., 391 A.2d 303, 305
(1978). There was competent evidence in
the record from which the Commissioner
could have rationally concluded that Mrs.
Theriault was totally incapacitated for
work because of her physical condition.

The entry must be:

Appeal denied.

Judgment affirmed.

It is further ordered that the employer
pay to the employee an allowance of $550.00
for her counsel fees, plus her reasonable
out–of–pocket expenses for this appeal.

All concurring.